**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **BANCO POPULAR de PUERTO RICO,**<br><br>                              **Plaintiff,**<br>     v.<br><br>**KAI FRETT, ELON FRETT,**<br>**SOMMER FRETT, JERIAH FRETT,**<br>**JAMAL FRETT, CAMERON FRETT and**<br>**ALL UNKNOWN HEIRS OF ARIEL A.**<br>**FRETT,**<br><br>                              **Defendant.** | 3:10-cv-1 |

**TO:**   Ashlee M. Gray, Esq.

## ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO EFFECTUATE SERVICE BY PUBLICATION

THIS MATTER came before the Court for consideration upon Plaintiff's Motion for Extension of Time within which to Effectuate Service by Publication (Docket No. 28). The time for filing a response has expired.

**History**

Plaintiff Banco Popular de Puerto Rico (Plaintiff) commenced action to foreclose a mortgage and declaratory relief upon Defendants Kai Frett, Elon Frett, Sommer Frett, Jeriah Frett, Jamal Frett, Cameron Frett, and all unknown heirs of Ariel A. Frett on

January 6, 2010.  According to Federal Rule of Civil Procedure 4(m), [1] a plaintiff must serve defendants within 120 days of filing the Complaint.  In this matter, the 120-day period expired on May 7, 2010.  On January 8, 2010, the Court issued summonses to Kai Frett, Elon Frett, Sommer Frett, Jeriah Frett, Jamal Frett, Cameron Frett, and Patrice Johnson as mother and Guardian of Cameron Frett (Docket Nos. 2-8).  By March 2, 2010, all of the issued summonses were returned except for the summons issued to Defendant Jeriah Frett.  Plaintiff motioned the Court for service by publication (Docket No. 15).  Since Defendant Jeriah Frett was later served on March 30, 2010 (Docket No. 21), Plaintiff withdrew its motion for publication on Jeriah Frett on June 11, 2010 (Docket No. 22).

Plaintiff failed to exercise any form of service on Defendants "unknown heirs of Ariel A. Frett" (Defendants Unknown Heirs) during the 120-day period as required under Rule 4(m).  Plaintiff waited until November 9, 2010, to petition this Court for an extension of the 120-day period so that it may serve Defendants Unknown Heirs by publication.

---

[1] Rule 4(m) provides:

> **Time Limit for Service.**
> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

FED. R. CIV. P. 4(m) (emphasis in original).

**Discussion**

Since Plaintiff's motion is presented after the 120-day period expired, the Court must look to both Federal Rule of Civil Procedure 4(m) and 6(b)[2] in order to make a determination.  Accordingly, Plaintiff must show good cause and excusable neglect for failure to serve timely.  FED. R. CIV. P. 4(m) and 6(b).  If good cause is shown, then the court must extend the time of service beyond the 120-day period.  FED. R. CIV. P. 4(m) and 6(b).  The court may decline to extend time of service, if the court should find that the service was inexcusably delayed or extension may prejudice the defendant.  *Boley v. Kaymark*, 123 F.3d 756, 758 (3d. Cir. 1997).

The Third Circuit has held that when the plaintiff fails to show good cause or no good cause exists, the district court may dismiss the action without prejudice.  *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3d. Cir. 1995).  The district court has the discretion to extend time of service, even in the absence of good cause.  *Id*. at 1307.

---

[2] Rule 6(b) provides:

> **Extending Time.**
> **(1) In General.**
> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
> **(2) Exceptions.**
> A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d) and (e), and 60(b).

FED. R. CIV. P. 6(b) (emphasis in original).

However, when the motion for extension of time comes after the time period expires, the court's discretion is more restricted.

Proving excusable neglect is considered one of the greatest substantive obstacles for a plaintiff to overcome. *Lujan v. National Wildlife*, 497 U.S. 871, 897 (1990). To determine whether the plaintiff has proven excusable neglect, the court may consider all or some of the following factors: 1) The prejudice to the opponent; 2) The length of the delay and its potential impact on the course of the judicial proceedings; 3) The causes for the delay, and whether those causes were within the reasonable control of the moving party; 4) The moving party's good faith; 5) Whether the omission reflected professional incompetence, such as an ignorance of the procedural rules; 6) Whether the omission reflected an easily manufactured excuse that the court could not verify; 7) Whether the moving party had failed to provide for a consequence that was readily foreseeable; and 8) Whether the omission constituted a complete lack of diligence. 12B CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE 117 (2010) (citation omitted).

Here, Plaintiff argues that it did not serve Defendants Unknown Heirs during the 120-day period due to "clerical error and/or oversight" on the part of attorney for Plaintiff. Motion for Extension at 1. Plaintiff does not provide any other showing of good cause. Additionally, Plaintiff provided no distinguishable argument to prove

excusable neglect. The Third Circuit has held that "[i]nadvertence of counsel does not constitute good cause." *Braxton v. U.S.*, 817 F.2d 238, 242 (3d. Cir. 1987). The lack of diligence to serve Defendants Unknown Heirs from January 7, 2010, until November 9, 2010, may be a clerical error and/or oversight but it does not alone establish excusable neglect. Proving excusable neglect requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Petrucelli*, 46 F.3d at 1312 (citation omitted). The Court finds that Plaintiff has failed to provide a showing of good faith or a reasonable basis for noncompliance within the 120-day period.

**Conclusion**

Since Plaintiff failed to demonstrate good cause and excusable neglect for failure to serve Defendant Unknown Heirs on or before May 7, 2010, Plaintiff's motion will be denied.

Therefore, it is now hereby ORDERED that Paintiff's Motion for Extension of Time within which to Effectuate Service by Publication (Docket No. 28) is **DENIED**.

ENTER:

Dated: November 30, 2010               /s/ George W. Cannon, Jr.
                                       GEORGE W. CANNON, JR.
                                       U.S. MAGISTRATE JUDGE